NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HENDERSON,<br><br>　　　　　Plaintiff,<br><br> vs.<br><br>M. GOMEZ, et al.,<br><br>　　　　　Defendants. | C 08-05243 JF (PR)<br>No. ~~C 08-04272 JF (PR)~~<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials of Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly incarcerated. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2 claim upon which relief may be granted or seek monetary relief from a defendant who is
3 immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4 liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5 1988).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7 elements: (1) that a right secured by the Constitution or laws of the United States was
8 violated, and (2) that the alleged violation was committed by a person acting under the
9 color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10 **B.     Plaintiff's Claims**

11       Plaintiff claims that his right of access to courts was violated when defendants
12 unlawfully confiscated his legal documents and property, causing Plaintiff to miss his
13 court deadlines to file a Writ of Certiorari to the United States Supreme Court and an
14 appeal to the Ninth Circuit Court of Appeals.  Plaintiff alleges that defendants' actions
15 resulted in irreparable harm.  Liberally construed, Plaintiff presents a cognizable claim
16 under § 1983.

17 **C.     Defendant John Doe**

18       Plaintiff names Defendants Sergeant John Doe 1 in his complaint.  Although the
19 use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie
20 v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406
21 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged
22 defendants cannot be known prior to the filing of a complaint.  In such circumstances, the
23 plaintiff should be given an opportunity through discovery to identify the unknown
24 defendants, unless it is clear that discovery would not uncover their identities or that the
25 complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642;
26 Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Accordingly, Defendant
27 Sergeant John Doe is DISMISSED from this action.  If through discovery Plaintiff is able
28 to identify the unknown defendant, he may then motion the Court for leave to amend to

name the intended defendant and to issue summons upon him.  See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **M. Gomez and M. Ross** at **Salinas Valley State Prison.**  The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

1    a.   In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary

2  judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and

3  granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,

4  53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5       4.   Defendants shall file a reply brief no later than **fifteen (15) days** after

6  Plaintiff's opposition is filed.

7       5.   The motion shall be deemed submitted as of the date the reply brief is due.

8  No hearing will be held on the motion unless the Court so orders at a later date.

9       6.   All communications by the Plaintiff with the Court must be served on

10  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

11  copy of the document to Defendants or Defendants' counsel.

12       7.   Discovery may be taken in accordance with the Federal Rules of Civil

13  Procedure.  No further Court order is required before the parties may conduct discovery.

14       8.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

15  Court informed of any change of address and must comply with the Court's orders in a

16  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

17  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18       IT IS SO ORDERED.

19  DATED: 3/10/09

20                                   JEREMY FOGEL
                                     United States District Judge