NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HENDERSON,<br><br>  Plaintiff,<br><br> vs.<br><br>M. GOMEZ, et al.,<br><br>  Defendants. | No. C 08-05243 JF (PR)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>(Docket No. 16) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials of Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly incarcerated. The Court found the complaint, when liberally construed, stated a cognizable claim that Plaintiff's right of access to courts was violated. Defendant M. Ross filed a motion for summary judgment. Plaintiff did not file opposition although he was given an opportunity to do so. After reviewing the complaint and all submitted papers, the Court concludes that Defendant is entitled to summary judgment and will GRANT Defendant's motion. Summary judgment is also granted to unserved Defendant M. Gomez for the reasons discussed below.

///

Order Granting Motion for Summary Judgment.
P:\PRO-SE\SJ.JF\CR.08\Henderson05243_grant -msj (sol).wpd

1

## DISCUSSION

**I.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The court's function on a summary judgment motion is not to make credibility

Order Granting Motion for Summary Judgment.
P:\PRO-SE\SJ.JF\CR.08\Henderson05243_grant -msj (sol).wpd

2

1 determinations or weigh conflicting evidence with respect to a disputed material fact. See
2 T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
3 1987). The evidence must be viewed in the light most favorable to the nonmoving party,
4 and the inferences to be drawn from the facts must be viewed in a light most favorable to
5 the nonmoving party. See id. at 631. It is not the task of the district court to scour the
6 record in search of a genuine issue of triable fact. Keenan v. Allan, 91 F.3d 1275, 1279
7 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable
8 particularity the evidence that precludes summary judgment. Id. If the nonmoving party
9 fails to do so, the district court may grant summary judgment in favor of the moving
10 party. See id.; see, e.g., Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026,
11 1028-29 (9th Cir. 2001).

**II.     Legal Claims and Analysis**

Plaintiff claims that his right of access to courts was violated when defendants unlawfully confiscated his legal documents and property, causing Plaintiff to miss his court deadlines to file a Writ of Certiorari to the United States Supreme Court and an appeal to the Ninth Circuit Court of Appeals. Plaintiff alleges that defendants' actions resulted in irreparable harm. Defendant Ross moves for summary judgment on the grounds that: (1) Plaintiff's action is barred by the statute of limitations; (2) Defendant Ross was not personally involved with the alleged violation; and (3) Defendant Ross is entitled to qualified immunity.

**A.     Statement of Facts**

According to the allegations in the complaint, a Sergeant John Doe,[1] stored and withheld two boxes of Plaintiff's legal documents and property over Plaintiff's objections. (Compl. at 3.) Plaintiff alleges that he was only allowed access to this material approximately three times over a 19 month period. (Id.) Plaintiff claims that this

---

[1] Defendant Sergeant John Doe was dismissed from this action until Plaintiff is able, through discovery, to identify the unknown defendant and then motion the Court for leave to amend to name the intended defendant and to issue summons upon him. (See Docket No. 5 at 2.)

caused him to miss two separate "one time opportunities" to file a writ of certiorari to the United States Supreme Court to appeal the Ninth Circuit rulings in Case Nos. 02-56249 and 02-56007. (Id.) Plaintiff alleges that Sergeant John Doe is in charge of running the "R&R Unit" where Plaintiff's legal property was stored, and was at all times in charge of scheduling appointments and allowing access legal documents. (Id. at 3- 4.)

Plaintiff alleges that he submitted an inmate appeal describing the problem on November 16, 2004, to Defendant M. Gomez.[2] In the appeal, Plaintiff requested the following actions: 1) the two boxes be returned immediately to his possession; 2) a copy of the R&R log, showing each time he was granted access to his legal property; 3) a memo authorizing him to keep his legal property; 4) for SVSP to hire an attorney for Plaintiff; 5) and payment for $2 million for missing his only chance to file certiorari in the U.S. Supreme Court. (Id. at 4.) The following day on November 17, 2004, Plaintiff received Defendant Gomez' response, which stated that the appeal was "GRANTED" and that the property was to be released to Plaintiff at the authorization of Defendant Lieutenant Ross. Plaintiff alleges that he believed the appeal was granted in full rather than partially granted, and that he fully expected Defendants Gomez and Ross "to honor the action that was granted by them at the informal level." (Id. at 5.) Plaintiff claims that their failure to do so caused him prejudice as he did not pursue the appeal through the first, second and third levels, believing that his appeal had been fully granted at the informal level. (Id.)

The Court takes judicial notice of the documents submitted by Defendant, (Docket No. 17), which includes information pertaining to the two Ninth Circuit cases identified by Plaintiff, *i.e.*, Case No. 02-56249 and Case No. 02-56007. The information shows that Plaintiff's "Petition for Rehearing" in Case No. 02-56249 was denied by the Ninth Circuit on April 21, 2003, (Def.'s Req. Jud. Notice, Ex. 2), and Plaintiff's petition for reconsideration was denied in Case No. 02-56007 on July 24, 2003, (Id., Ex. 4).

---

[2] Defendant M. Gomez has not been served with the complaint.

Order Granting Motion for Summary Judgment.
P:\PRO-SE\SJ.JF\CR.08\Henderson05243_grant -msj (sol).wpd      4

Defendant has also submitted a copy of the Abstract of Judgment entered on March 16, 1999, in Plaintiff's underlying state conviction showing that Plaintiff is a prisoner serving a total of five consecutive life terms with the possibility of parole. (Id., Ex. 5.)

### B. Statute of Limitations

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (articulating uniform rule of Wilson's retroactive effect). In the event the state has multiple statutes of limitations for different torts, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Silva, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802.[3]

---

[3] The statute of limitations generally begins to run only once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." United States v. Kubrick, 444 U.S. 111, 122 (1979). But the

1    A federal court must give effect to a state's tolling provisions. See Hardin v.
2  Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir.
3  1986). In California, this includes tolling the statute of limitations during imprisonment
4  and while criminal charges are pending. The statute of limitations begins to run
5  immediately after the recognized disability period ends. See Cabrera, 159 F.3d at 378-79
6  (following California Law). It also includes the state's equitable tolling rules. California
7  Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the
8  statute of limitations when a person is "imprisoned on a criminal charge, or in execution
9  under the sentence of a criminal court for a term of less than for life." See Cal. Civ. Proc.
10 Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment
11 delays the accrual of the cause of action for a maximum of two years. See id. Thus, an
12 inmate has four years to bring a § 1983 claim for damages in California, *i.e.*, the regular
13 two year period under section 335.1 plus two years during which accrual was postponed
14 due to the disability of imprisonment. Defendant concedes that Plaintiff is entitled to two
15 years of statutory tolling as he is serving a term of less than for life with the possiblity of
16 parole. (Def.'s Mot. at 4.)

17    Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a
18 limitations statute when, possessing several legal remedies he, reasonably and in good
19 faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v.
20 City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21
21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be
22 tolled for time spent pursuing a remedy in another forum before filing the claim in federal
23 court. Defendant concedes that Plaintiff is entitled to two days of equitable tolling for the
24 time he pursued his inmate appeal, from November 16, 2004, to November 17, 2004.

---

plaintiff must be diligent in discovering the critical facts. See Bibeau v. Pacific Northwest Research Found., 188 F.3d 1105, 1108 (9th Cir. 1999), amended, 208 F.3d 831 (9th Cir. 2000). A plaintiff who does not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations if he should have known in the exercise of due diligence. See id.

(Def.'s Mot. at 5.)

Applying these principles to the instant case, the Court concludes that Plaintiff's claim against Defendant Ross is appropriate for summary judgment on the grounds that the action is barred by the statute of limitations. Defendant has submitted evidence showing that Plaintiff had reason to know, with the exercise of due diligence, that his motion for reconsideration in Case No. 02-56249 was denied by the Ninth Circuit on April 21, 2003. (Def.'s Req. Jud. Notice, Ex. 1.) A petition for writ of certiorari must be filed within ninety days from the date of the denial of rehearing, (Sup. Ct. R. 13), such that Plaintiff had until July 20, 2003, to file a timely petition in the Supreme Court. Therefore, Plaintiff's claim accrued on July 20, 2003, the date on which he knew or had reason to know, that the denial of the access to his legal documents had resulted in irreparable injury. See TwoRivers, 174 F.3d at 991-92. It is obvious that Plaintiff was aware by the time he filed the appeal on November 16, 2004, that he had missed his only chance to file a writ of certiorari in the Supreme Court because he requested payment of $2 million in damages from SVSP for causing him to miss the deadline. Taking into account the two years for the limitations period, two years for statutory tolling, and two days of equitable tolling, Plaintiff had until July 22, 2007, to file a timely action under § 1983. However, Plaintiff did not file the instant action until November 19, 2008, over a year after the limitations period had expired. Accordingly, Plaintiff's claim that he was denied access to courts to appeal the Ninth Circuit Case No. 02-56249 is DISMISSED as untimely.

The claim is also untimely with respect to Plaintiff's claim that he was denied access to courts to appeal the Ninth Circuit Case No. 02-56007. The Ninth Circuit denied Plaintiff's motion for reconsideration on July 24, 2003. (Def.'s Req. Jud. Notice, Ex. 3.) Plaintiff had ninety days, *i.e.*, until October 22, 2003, to file a timely petition for writ of certiorari. Plaintiff knew or had reason to know of the injury on October 22, 2003, when the time for filing a petition in the Supreme Court had lapsed. Accordingly, the statute of limitations on this claim began to run on the same day. Applying the two year statute of

1  limitations, two years of statutory tolling, and two days of equitable tolling, Plaintiff had
2  until October 24, 2007, to file a timely claim under § 1983.  However, Plaintiff did not
3  file the instant action until November 19, 2008, over a year after the limitations period
4  had expired.  Accordingly, Plaintiff's claim that he was denied access to courts to appeal
5  the Ninth Circuit Case No. 02-56007 is DISMISSED as untimely.
6       Having reviewed the pleadings and all submitted papers on this matter, the Court
7  finds that Plaintiff's claims against Defendant Ross are barred by the statute of
8  limitations.  Accordingly, Defendant Ross is entitled to judgment on these claims as a
9  matter of law.  See Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).
10      Because the Court dins that this action is time barred, it is not necessary to reach
11 Defendant's remaining grounds for summary judgment.

### C.     Claims Against Unserved Defendant M. Gomez

13      On March 17, 2009, the Court directed the clerk to prepare the summons for
14 service of the complaint upon Defendant M. Gomez, and the United States Marshal to
15 effectuate such service.  On May 6, 2009, the Marshal returned the summons unexecuted
16 as to Defendant M. Gomez.  (See Docket No. 19.)  Accordingly, Defendant Gomez has
17 not been served and has not appeared in this action.  However, summary judgment may
18 be granted by the court sua sponte in favor of a nonappearing party on the basis of facts
19 presented by other defendants who have appeared.  See Columbia Steel Fabricators v.
20 Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.) (affirming grant of summary
21 judgment in favor of nonappearing defendant where plaintiff, in response to summary
22 judgment motion filed by defendant who had appeared, had "full and fair opportunity to
23 brief and present evidence" on dispositive issue as to claim against nonappearing
24 defendant), cert. denied, 516 U.S. 864 (1995); see also Abagninin v. AMVAC Chemical
25 Corp., 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion
26 for judgment on the pleadings as to unserved defendants where such defendants were in a
27 position similar to served defendants against whom claim for relief could not be stated);
28 Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  Defendant Gomez is

1 in a position similar to Defendant Ross in that the claims against him for violating
2 Plaintiff's right of access to courts are based on the same facts and accrued at the same
3 time as Plaintiff's claims against Defendant Ross.  Accordingly, Defendant Gomez is also
4 entitled to judgment on the claims against him as a matter of law as being time barred.
5 See Columbia Steel Fabricators, 44 F.3d at 802-03.

## CONCLUSION

For the foregoing reasons, Defendant M. Ross' motion for summary judgment (Docket No. 16) is GRANTED on the grounds that Plaintiff's action is barred by the statute of limitations.  All claims against Defendant Ross are DISMISSED with prejudice. Summary judgment is granted to unserved Defendant M. Gomez, and all claims against him are DISMISSED with prejudice as time barred.

This order terminates Docket No. 16.

IT IS SO ORDERED.

DATED: 3/18/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN DELL HENDERSON,

        Plaintiff,

  v.

M GOMEZ, et al.,

        Defendants.
                                              /

Case Number: CV08-05243 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   3/19/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John D. Henderson D-78769
Kern Valley State Prison (A-3-116 Low)
PO Box 5101
Delano, CA 93216

Dated:   3/19/10

                              Richard W. Wieking, Clerk